Shackelford, J.,
delivered the opinion of the Court.
*92 Some years ago, the heirs of James Mays filed their petition, in the Circuit Court of Grainger County, to sell the lands of their ancestor, which had descended to them. A decree was pronounced, and sale directed. Thomas Latham was appointed the Commissioner, under the order of the Court, to make the sale. At the sale by him, Reuben Grove became the purchaser, and gave his note, with David Whiteside and Russel Wyatt as his securities. Reuben Grove has since died, and L. A. Garrett appointed his administrator.
At the August Term, 1860, of the Grainger Circuit Court, Latham, the Commissioner, obtained a judgment, by motion, against Whitesides and Wyatt, for the sum of $3,371, and costs. This bill filed by complainants, alleges the judgment was obtained by Latham, at the instance of Mays’ heirs, without notice to them; that no motion was made against Garret, the administrator; from the judgment an execution has issued, and is about to be levied upon their property; that the complainants had a legal right to have the administrator of Grove included in the decree, and the fact of the securityship of the complainants recited in the judgment; and that the surety has the legal right, in every case, to have the property of his principal exhausted before his own is seized. La-tham, the Commissioner, was made a defendant, and filed .a demurrer, which was allowed by the Court, from which the complainants have appealed to this Court.
We think there is no error in the record. The party purchasing, at a sale made under an order of the Court, by the Master, or a Commissioner, becomes a quasi party. He must come into Court, to obtain a decree, vesting in him the title to the property purchased. He is a party *93 to the cause, for the purpose of obtaining a decree to make his purchase effectual. The purchaser being a party, his sureties, by their undertaking, become subject to all his liabilities — are subject to all the orders and decrees of the Court, and are in Court, and no notice is necessary of any decree that may be rendered against them: 6 Hum., 138, and the cases cited.
If the judgment in the Circuit Court of Grainger was erroneous, the Chancery Court could give no relief. The party must apply to the 'Court having jurisdiction of the cause in which the suit is pending. The Chancery Court at Rutledge has no jurisdiction to interfere with the decrees of the Circuit Court of Grainger, exercising Chancery powers enforced by Statute. If this were allowable, there would be an endless collision of the different Chancery Courts: Smith vs. Deaderiek, 6 Hum., 147.
It is insisted, it was the duty of defendant, Latham, to have taken judgment against the administrator of the principal. The parties were before the Court: all actions by the Code are joint and several. Grove being dead, the defendant was entitled to his judgment against one or all. The rights of the surety are fully protected, upon the rendition of the judgment against him. He is entitled to his judgment against the principal, by motion. If he is compelled to pay the debt, he has the right, in equity, to be substituted to all the rights of the plaintiff, in the property in which a lien was retained, as a security.
It is insisted, they have the right to have the property of the principal exhausted, before that of the securities can be seized. By section 3081 of the Code of Tennessee, all parties will be considered as equally liable, in *94 all cases, unless the order of liability is shown to the Court or Justice, and recited in the decree or judgment. Unless this is done, a Chancery Court has no- jurisdiction to control the plaintiff, i-n the collection of his judgment or decree. This principle has been too well settled-, to be now disturbed.
The decree of the Chancellor will be affirmed.